IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES EVANS III, | ) | 8:12CV162 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA BEEF, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On July 12, 2012, the court conducted an initial review of Plaintiff's Complaint and found that Plaintiff failed to state a claim upon which relief may be granted as to all claims asserted. (Filing No. 6.) In particular, the court determined that:

> Plaintiff does not allege any facts supporting his claim of unpaid overtime such as his scheduled work hours, the number of uncompensated overtime hours or when Plaintiff worked those hours, or that his employer knew that he worked those hours. As such, the Complaint fails to state a claim upon which relief may be granted.

(*Id.* at CM/ECF p. 3.) In light of these pleading deficiencies, the court granted Plaintiff an opportunity to amend.[1]

In response, Plaintiff filed an Amended Complaint. (Filing No. 8.) In his Amended Complaint, Plaintiff states that he cannot "tell how many hours" he worked, or how much money is owed him for unpaid overtime, or any other information required to state a claim under the Fair Labor Standards Act ("FLSA"). (Filing No. 8.) Plaintiff also sets forth unrelated and nonsensical allegations about his job duties,[2] having to use a garage door for

---

[1] The court also set a hearing in this matter, and in the related Case No. 8:12CV161, in order to allow Plaintiff to support his allegations. (Filing No. 7.) However, Plaintiff failed to appear for that hearing and did not seek a continuance of the hearing until *after* the time of the hearing passed. (Filing No. 10.)

[2] For example, one paragraph of the Amended Complaint states, "lunch began at 11:15 and now it changed cause kill floor goes in earlier [sic] cause its hot (start 11:30 lunch now) so as not to cross contaminate kill with FABRICATION to wit: cause kill floor is inedible blood-don't wana [sic] combine packaging with cuting [sic] killing blood." (Filing No. 8 at CM/ECF p. 4.)

entering/exiting his job location, and other non-specific "discrimination." (*Id.*) However, as with his original Complaint, Plaintiff does not assert any facts supporting his claim of unpaid overtime such as his scheduled work hours, the number of uncompensated overtime hours or when Plaintiff worked those hours, whether the duties performed by Plaintiff were part of his "principal work activity, or that his employer knew that he worked those hours. *Hertz v. Woodbury Cnty., Iowa*, 566 F.3d 775, 781 (8th Cir. 2009) (quoting *Mumbower v. Callicott*, 526 F.2d 1183, 1188 (8th Cir. 1975)). Liberally construed, Plaintiff states that he does not know any of this information and therefore cannot allege it. (Filing No. 8 at CM/ECF p. 3.) Thus, Plaintiff has again failed to state a claim upon which relief may be granted under the FLSA. For these reasons, and the reasons set forth in the court's July 12, 2012, Memorandum and Order, this matter is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice because Plaintiff's Amended Complaint (filing no. 8) fails to state a claim upon which relief may be granted.

2. A separate judgment will be entered in accordance with this Memorandum and Order and the court's July 12, 2012, Memorandum and Order.

3. All other pending Motions are denied.

DATED this 8th day of August, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

2